UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| OLEG ANATOLYEVICH BORISOV,<br><br>    Plaintiff,<br><br>    v.<br><br>ALAMO RENT A CAR, et al.,<br><br>    Defendants. | CASE NO. C18-5429 BHS<br><br>ORDER DENYING MOTIONS AND REMANDING |

This matter comes before the Court on Defendants JPMorgan Chase & Co., JPMorgan Chase Bank National Association, and Chase Bank USA National Association's (collectively "Chase") motion to dismiss (Dkt. 15) and Plaintiff Oleg Anatolyevich Borisov's ("Borisov") cross-motion for summary judgment (Dkt. 22), motion for summary judgment (Dkt. 27), and motion for judicial notice (Dkt. 32). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

## I. PROCEDURAL HISTORY

On April 25, 2018, Borisov filed a complaint against Defendants Alamo Rent a Car ("Alamo"), Enterprise Holdings ("Enterprise"), and Chase in Clark County Superior

Court for the State of Washington. Dkt. 1-2. Borisov asserted numerous claims including a claim for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 –1692p ("FDCPA"). *Id*.

On May 30, 2018, Chase removed the matter to this Court based on federal subject matter jurisdiction over the FDCPA claim. Dkt. 1, ¶ III(1).

On June 4, 2018, Borisov filed an amended complaint asserting claims for identity theft in violation of RCW 9.35.040(7) and a violation of the Washington Consumer Protection Act, RCW Chapter 19.86 ("CPA"). Dkt. 13. Borisov seeks $25,000 in treble damages in addition to actual damages. *Id*. ¶ 78.

On June 5, 2018, Chase filed a motion to dismiss. Dkt. 15. On June 13, 2018, Borisov responded and included a cross-motion for summary judgment. Dkt. 22. On June 29, 2018, Chase replied and moved to strike Borisov's amended complaint as procedurally deficient. Dkt. 28.

On June 27, 2018, Borisov filed a motion for summary judgment against all Defendants. Dkt. 27. On July 2, 2018, Borisov filed a motion for judicial notice. Dkt. 31. On July 3, 2018, Alamo and Enterprise (collectively "Enterprise") responded to Borisov's motion for summary judgment. Dkt. 29.

On July 5, 2018, Borisov filed a motion for judicial notice in support of his response to Chase's motion to dismiss. Dkt. 32. On July 10, 2018, Chase responded. Dkt. 33.

On July 12 and 16, 2018, Enterprise and Chase responded to Borisov's motion for summary judgment. Dkts. 34, 35. On July 27, 2018, Borisov replied. Dkt. 36.

## II. FACTUAL BACKGROUND

On July 22, 2017, Borisov rented a car from Alamo in Syracuse, New York. Dkt. 13, ¶ 11. The contract provided that Borisov could drop off the vehicle at JFK airport in New York, New York that evening. *Id.* ¶ 12. Borisov alleges that he delivered the vehicle to an Alamo employee at the Alamo drop-off location and that the Alamo employee told him to leave the keys in the vehicle. *Id.* ¶¶ 15–17. On July 26, 2017, Borisov returned to work in Vancouver, Washington. *Id.* ¶ 18.

On July 31, 2018, Borisov noticed that Alamo had increased the charge on his Chase credit card from the original contract price of $254 to $350. *Id.* ¶ 19. Borisov called Alamo and was informed that, according to Alamo's computer, the vehicle was still in Borisov's possession. *Id.* ¶ 20. Borisov informed Alamo that he no longer possessed the vehicle and had flown back to Vancouver, Washington the previous week. *Id.* ¶ 21. Alamo did not fix the problem, and, in the second week of August, Borisov noticed that Alamo had charged his credit card $3,623.17. *Id.* ¶ 26. Borisov immediately went to Chase bank and filed a dispute over the charge. *Id.*

On August 15, 2017, Borisov received a letter from Chase acknowledging the dispute and informing him that he did not have to pay the charge while Chase conducted an investigation. *Id.* ¶ 28. On October 28, 2017, Chase wrote Borisov informing him that, based on its investigation, the charge appeared valid. *Id.* ¶ 31. Borisov filed a second dispute, and, on November 20, 2017, Chase wrote Borisov informing him that he did not need to pay the charge while it conducted another investigation. *Id.* ¶ 35. On

December 8, 2017, Borisov received a letter from Chase informing him that, based on its investigation, the charge appeared valid. *Id.* ¶ 38.

On January 8, 2018, Borisov paid the charge to avoid a negative report to the credit reporting agencies. *Id.* ¶ 40.

On May 8, 2018, Borisov sent Chase a letter requesting identity theft victim information. *Id.* ¶ 41.

### III. DISCUSSION

The Court will only address Chase's motion to strike Borisov's amended complaint because, if the complaint is valid, then the Court lacks jurisdiction. Chase argues that Borisov's amended complaint is procedurally deficient because it was filed more than 21 days after service and before Borisov was served with either an answer or an amended pleading. Dkt. 28 at 2. First, Chase's motion to strike is procedurally improper because it is a new argument presented for the first time in a reply brief. *See United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (noting that courts generally decline to consider arguments raised for the first time in a reply brief). Although this is sufficient reason to deny the motion, the Court will address the merits.

Second, Chase's argument is based on the proposition that Fed. R. Civ. P. 15(a)(1) provides time periods instead of time limits. "A party may amend its pleading once as a matter of course within 21 days after serving it, or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." *Id.* In this case, Borisov amended his pleading more than 21 days after he served it and one day

before he was served with a responsive pleading. Chase argues that Borisov could not file an amended complaint because the first time period had run and the second time period had not yet begun. Dkt. 28 at 2. Chase provides no authority for its interpretation of Rule 15. However, even if Chase is correct that Borisov's filing was improper, the Court finds that leave would have been granted to at least dismiss the FDCPA claim. Therefore, Chase's motion to strike is denied.

Based on the amended complaint, the Court no longer has jurisdiction over this matter. The only federal claim has been dismissed, and the Court declines to exercise supplemental jurisdiction over the remaining claims. 28 U.S.C. § 1367(c)(3). Moreover, the amount in controversy does not appear to exceed the jurisdictional minimum of $75,000 necessary to establish diversity jurisdiction. 28 U.S.C. § 1332. Therefore, the Court denies the remaining motions as moot and the matter will be remanded to state court.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Chase's motion to strike (Dkt. 28) is **DENIED**, all other motions are **DENIED as moot** (Dkts. 15, 22, 27, 31, 32), and the Clerk shall remand this matter to Clark County Superior Court and close the case.

Dated this 20th day of August, 2018.

BENJAMIN H. SETTLE
United States District Judge